*252 DISSENTING OPINION.
McFarland, J.,
delivered a dissenting opinion, as follows :
I-did not bear tlie argument in this case, and it is not my purpose to enter into an elaborate discussion of the question.
I would not doubt the correctness of the conclusions reached by the opinion of the majority, if dogs are to be regarded as property in the same sense and to the same extent as other property. I agree that as to all property recognized as such by the common law, and intended to be protected by our constitution, that it would not do to hold that the legislature might declare it a privilege to own such property and tax the privilege. But by the common law the citizen was regarded as having only a base or qualified property in dogs; it was not larceny to steal them, and I have not been able to see that this has been changed wdth us, or the status of the animal in any manner changed, although' the majority of the court have recently held that a dog may be the subject of larceny; that our statutes change the common law on this subject, an opinion in which I did not concur [State v. Brown, 9 Bax., 53]. It has been often held that the owner may maintain an action of trespass for hilling his dog, and to this extent property in them has been recognized, and they have, no doubt, some value. [Wheatley v. Harris, 4 Sneed, 468.]
But they certainly do not stand in the same attitude as other domestic animals. They have no market value. They are not bought and sold in the market, as horses, cattle, and sheep. If the legislature were to undertake to comply with the positive mandate of the constitution, requiring all property to be taxed, and to tax them as property according to value, it would probably be found impracticable to find any means of ascertaining their value. *253 They, are not among our people used for food;, they are not, in general, raised and sold for profit.
In short, while to some extent useful, they were not regarded by the legislature as a species of property essential to the general prosperity of the state. On the other hand, they were regarded, as to some extent, dangerous to other property, and likely, with their increasing numbers, to become a public nuisance.
In this view, the law in question was passed for the purpose of diminishing the number, and discouraging their future increaso. I have no doubt that under the police power, the legislature might, for the general good, accomplish this purpose in some form. While the law is styled a revenue law, it provides that in every instance the tax levied may be satisfied by the destruction of the dog, showing the latter to have been the primary object.
Pegar ding the purpose aimed at by the legislarure as clearly within their power, and the object accomplished as undoubtedly legitimate, I should not be overly technical as to the mere form in which it was accomplished, whether it be called taxing a privilege or enforcing by penalty proper police regulations, when I can see that no substantial constitutional right has been violated. I am in favor of a strict'enforcement of all constitutional restrictions for the protection of substantial rights, but I am not in favor of so construing these restrictions so as to- make them obstacles in the way of accomplishing needful and .proper legislation, and I do not suppose that the framers of the constitution ever imagined that they were placing these animals beyond the power of their own representatives.
No law should be declared void by' the courts unless clearly in violation of some positive restriction of the constitution.